UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:21-CR-62-HAB |
| ) | |
| EDUARDO A. ARGUELLES, JR. ) | |

**OPINION AND ORDER**

Defendant filed a motion under 28 U.S.C. § 2255, seeking to set aside his 180-month sentence for, among other things, possession of cocaine, fentanyl, and heroin with intent to distribute. (ECF No. 56). Defendant asserts that, despite his guilty plea, he should not have been convicted of possession of a firearm in furtherance of a drug crime. The Government has made several arguments in response, all of which the Court accepts. Defendant's motion will be denied.

**I.     Factual and Procedural Background**

Following a long investigation, law enforcement executed a search warrant at Defendant's home in September 2021. Officers found all the trappings of drug distribution: more than 100 grams of heroin, 5,000 fentanyl pills, two loaded handguns, a drug ledger, cutting agents, digital scales, a storage unit key, and $3,800 in cash. A later search of the storage unit uncovered more than 6 kilograms of cocaine.

As a result, Defendant was indicted on three charges: possession with intent to distribute under 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c), and maintaining a drug involved premises under 21 U.S.C. § 856(a)(2). He pleaded guilty to all three counts without a plea agreement.

At his plea hearing, Defendant admitted that he had possessed a firearm in furtherance of a drug-trafficking crime. He answered affirmatively to the Court's question: "did you [possess]

the firearm in connection with your intent to distribute the controlled substances that you described?" Defendant also agreed with the Government's factual basis, which included expected expert testimony that "guns are commonly used to protect drug dealers, their product and their proceeds and that [Defendant's] possession of the firearms was consistent with that use."

In May 2022, Defendant was sentenced to 180 months' imprisonment, which included 60 months on the gun count. Defendant did not appeal.

In April of this year, Defendant filed his § 2255 motion. He asserts one claim: "The firearms were not in my possession at the time of my arrest." (ECF No. 56 at 4). As supporting facts, Defendant states, "the weapons were underneath my bed. I used to sell drugs from my apartment." (*Id.*). Defendant admits that he did not appeal the sentence or conviction. He claims he did not appeal because his "attorney did not help" him. (*Id.*).

**II.      Legal Analysis**

**A.      *Defendant's Claim is Procedurally Defaulted***

A § 2255 motion must be granted when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. But a § 2255 motion does not replace a direct appeal. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). Claims not raised on direct appeal are barred from collateral review unless upon review the petitioner establishes that a failure to consider the issue would amount to a fundamental miscarriage of justice. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

Defendant admits that he did not appeal his conviction or sentence. He has not raised any recognized exception to the appeal requirement. Defendant's § 2255 motion has been procedurally defaulted and will be denied.

B.     *Defendant's Guilty Plea Forecloses Relief*

Even if Defendant's motion were not foreclosed by his failure to appeal, it is barred by his guilty plea. Defendant admitted, under oath, that he possessed a firearm in connection with his intent to distribute narcotics. Defendant wants to disavow this admission, but the Court "need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Defendant does not explain why the Court should accept the statements in his § 2255 motion while disregarding the statements in his plea hearing. For instance, he does not claim that the guilty plea should be set aside because of ineffective assistance of counsel or because the plea was involuntary. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Without any such claim, the Court credits Defendant's under-oath statements at the plea hearing. As the Seventh Circuit stated, the game is over.

C.     *Defendant's Motion Fails on the Merits*

Procedural issues aside, Defendant's motion fails on the merits. Defendant appears to believe that, since he was not carrying the firearm at the time of his arrest, he could not have violated § 924(c). He is mistaken.

3

Under 18 U.S.C. § 924(c)(1)(A), a defendant cannot possess a weapon "in furtherance of" a "drug trafficking crime." *See also United States v. Johnson*, 916 F.3d 579, 588–89 (7th Cir. 2019). The "in furtherance of" element is fact intensive. *United States v. Castillo*, 406 F.3d 806, 815 (7th Cir. 2005). Factors to be considered include "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Brown*, 724 F.3d 801, 803 (7th Cir. 2013). No single factor determines the outcome; this inquiry is holistic. *See id*. ("it can be easier to determine 'furtherance' by a holistic analysis than by dissecting the issue into parts").

Defendant admits in his motion that the firearm was under his bed, in an apartment where he sold drugs. As established in the Presentence Investigation Report, Defendant's bedroom also contained the drug ledger, cutting agents, digital scales, and $3,700 in cash. (ECF No. 42 at 4). The PSR also shows that Defendant admitted having the firearms to "protect him and the other occupants of the house." (*Id*. at 6). These facts are more than enough to sustain a conviction under § 924(c). *See United States v. Perryman*, 20 F.4th 1127, 1134–35 (7th Cir. 2021).

### III.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Because the Court finds that no reasonable jurist could conclude that Defendant is entitled to relief, no certificate of appealability will be issued.

**IV.     Conclusion**

For these reasons, Defendant's motion under 28 U.S.C. § 2255 (ECF No. 56) is DENIED.

SO ORDERED on October 18, 2023.

       s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT